**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| CURTIS PHILLIPS,<br><br>    Plaintiff,<br><br>v.<br><br>LANE GORDON, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   No. 1:20-CV-00057-JAR<br>)<br>)<br>)<br>)<br>) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the application of self-represented plaintiff Curtis Phillips, an inmate at Southeast Correctional Center ("SECC"), to proceed in the district court without prepaying fees and costs. Having reviewed the application and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $1.50. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will order the Clerk of Court to issue process on all defendants in their individual capacities. The Court will dismiss plaintiff's claims brought against defendants in their official capacity.

### **Initial Filing Fee Under Prison Litigation Reform Act**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20

percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is paid in full. *Id.*

In support of the motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $7.50. The Court will therefore assess an initial partial filing fee of $1.50, which is twenty percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this civil action pursuant to 42 U.S.C. § 1983 alleging that defendant Sergeant Lane Gordon used excessive force against him while he was handcuffed to a restraint bench at SECC, and the remaining defendants failed to protect plaintiff in violation of plaintiff's Eighth Amendment rights. Named as defendants are Lane Gordon (Sergeant, SECC); Hollie Vandagrip (Lieutenant, SECC); Alicia Meeker (Correctional Officer ("CO"), SECC); Eric Tidwell (Sergeant, SECC); and Henery Bonner (CO, SECC). Plaintiff sues all defendants in their individual and official capacities.

In his complaint, plaintiff alleges that on August 17, 2019, he was escorted from his cell down the prison hallway to wait for a haircut. During his wait, he was handcuffed to a restraint bench. After his haircut, instead of being returned to his cell, defendant Gordon handcuffed plaintiff back to the restraint bench. Gordon attempted to put leg restraints on plaintiff as well, but plaintiff resisted. Plaintiff raised his leg so that his legs could not be restrained. At this point,

Gordon said, "if you don't put your foot back and let me place these mechanical restraints on your legs I'll mace the shit out of you." Plaintiff stated he was already handcuffed to the bench and had done nothing wrong. Gordon "then sprayed an entire canister of MK4 pepper spray in my face." Plaintiff states the other defendants, Tidwell, Meeker, Bonner, and Vandagrip, watched this entire interaction occur and did nothing to intervene.

As a result of being maced, plaintiff states he suffers blindness in the right eye, permanent blurry vision, and spotting in both eyes. For relief, plaintiff seeks $50,000 in compensatory and $50,000 in punitive damages against each defendant.

## Discussion

*Excessive Force—Defendant Gordon*

The Eighth Amendment forbids the "unnecessary and wanton infliction of pain" constituting cruel and unusual punishment. *Hudson v. McMillan*, 503 U.S. 1, 9-10 (1992). *See also Burns v. Eaton*, 752 F.3d 1136, 1138 (8th Cir. 2014) ("After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment"). When a prison official is accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Jackson v. Gutzmer*, 866 F.3d 969, 974 (8th Cir. 2017). The factors to be considered in determining whether force was used in good faith include "the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted." *Whitley v. Albers*, 475 U.S. 312, 321 (1986).

Liberally construed, plaintiff alleges he was handcuffed to a restraint bench awaiting an escort back to his cell after a haircut. When plaintiff lifted his leg to avoid having his legs restrained, defendant Gordon maced him, using an entire can of mace. The Court finds on initial review that plaintiff has arguably stated a plausible claim that defendant Gordon used excessive force in violation of the Eighth Amendment. The Court will issue process on defendant Gordon in his individual capacity.[1]

*Failure to Protect—Defendants Tidwell, Meeker, Bonner, and Vandagrip*

In addition to protecting inmates from the unnecessary and wanton infliction of pain, the Eighth Amendment imposes upon prison officials the obligation to restore control in tumultuous situations. *Buckner v. Hollins*, 983 F.2d 119, 121 (8th Cir. 1993). As such, under § 1983, a correctional officer can be held liable for failing to intervene in another officer's constitutional violation. *See Putman v. Gerloff*, 639 F.2d 415, 423 (8th Cir. 1981) (determining that a deputy could be held "jointly liable for failing to intervene if a fellow officer…was using excessive force and otherwise was unlawfully punishing the prisoner"); and *Buckner*, 983 F.2d at 121-22 (determining that state corrections officer had a duty to intervene on behalf of inmate being assaulted by a county corrections officer). "A prison official acts with deliberate indifference to

---

[1] In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). In order to prevail on an official capacity claim, plaintiff would have to establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Plaintiff has not alleged such governmental liability, and therefore his official capacity claims against the individual defendants will be dismissed.

an inmate's safety when the official is present at the time of an assault and fails to intervene or otherwise act to end the assault." *Williams v. Mueller*, 13 F.3d 1214, 1216 (8th Cir. 1994).

In his complaint, plaintiff states defendants Tidwell, Meeker, Bonner, and Vandagrip "all watched" Gordon spray plaintiff with an entire can of mace while he was cuffed to a restraint bench and "did nothing" in response. Liberally construed, plaintiff's complaint states a plausible claim against these defendants for failing to intervene in Gordon's use of excessive force. The Court will order the Clerk of Court to issue process on defendants Tidwell, Meeker, Bonner, and Vandagrip in their individual capacities.

### Motion for Appointment of Counsel

Finally, plaintiff has filed a motion for appointment of counsel. The appointment of counsel for an indigent plaintiff in a civil matter lies within the discretion of the Court. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. *Edgington v. Missouri Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995) (abrogated on other grounds, *Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005)). This determination involves the consideration of several relevant criteria, including "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794 (citing *Edgington*, 52 F.3d at 780).

In this matter, the Court finds that appointment of counsel is not warranted at this time. The action appears to involve straightforward questions of fact rather than complex questions of law, and plaintiff appears able to clearly present and investigate his claims. He has filed a readily

understood pleading that indicates that he is capable of clear expression and appropriate organization of content. Further, the request for counsel is premature, as defendants have not yet been served, and the Court has not issued any Case Management Order. The Court concludes that the appointment of counsel would not be of sufficient benefit to the Court or to plaintiff at this time, and will deny plaintiff's motion for appointment of counsel, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees or costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $1.50 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint, pursuant to the service agreement the Court maintains with the Missouri Attorney General, as to defendants Lane Gordon, Hollie Vandagrip, Alicia Meeker, Eric Tidwell, and Henery Bonner in their individual capacities.

**IT IS FURTHER ORDERED** that plaintiff's official capacity claims brought against defendants Lane Gordon, Hollie Vandagrip, Alicia Meeker, Eric Tidwell, and Henery Bonner are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED without prejudice**. [ECF No. 3]

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 29th day of July, 2020.

                                                 _____
                                                 JOHN A. ROSS
                                                 UNITED STATES DISTRICT JUDGE