UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CURTIS PHILLIPS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:20-CV-00057-JAR ) |
| LANE GORDON, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on self-represented plaintiff Curtis Phillips' motion for entry of default judgment against defendants. Defendants oppose the motion. For the following reasons, the Court will deny plaintiff's motion.

### Background

Plaintiff is an incarcerated person, currently housed at Southeast Correctional Center. He brings this matter under 42 U.S.C. § 1983 alleging defendant Sergeant Lane Gordon used excessive force against him while he was restrained, and the remaining defendants failed to protect him. On July 29, 2020, the Court conducted an initial review of plaintiff's complaint under 28 U.S.C. § 1915(e), and ordered service on defendants pursuant to the service agreement the Court maintains with the Missouri Attorney General. Defendants were served with the Court's waiver of service letter on July 30, 2020. Their responsive pleading was due within sixty days, or by September 30, 2020. Defendants did not file a responsive pleading by this deadline.

### Discussion

On October 7, 2020, plaintiff filed the instant motion seeking entry of default against defendants. In his motion, plaintiff states that defendants are late in responding to the complaint.

He is particularly discouraged by this lack of response because defendants are "represented by the Office of the State Attorney General, a whole battalion of highly-trained legal professionals, while the plaintiff, and uneducated mental health patient, partially blinded by the assault at issue, is pro se. The Defendant's lack of response indicates abandonment of disputation."

On October 15, 2020, defendants filed a motion for an extension of time to file a responsive pleading. Defendants stated that a clerical oversight or other technical issue occurred at the Office of the Attorney General, and they were not aware of the case or the waiver of service letter. The Court granted defendants an additional thirty days to respond the complaint, and defendants filed their answer within this time.

Because there is a "judicial preference for adjudication on the merits," the law generally disfavors default judgments, and the entry of a default judgment "should be a rare judicial act." *Belcourt Pub. Sch. Dist. v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015) (internal quotation marks omitted). The decision to enter a default judgment rests within the district court's sound discretion. *Id.* Here, defendants responded within eight days to plaintiff's motion for entry of default, and requested additional time to file a responsive pleading. In all, defendants were six weeks late in responding to plaintiff's complaint. Plaintiff has not alleged he suffered any prejudice because of this delay. While the Court shares plaintiff's reasonable expectation that the Office of the Attorney General would timely file its responsive pleading, the Court also acknowledges that clerical errors occur. Because default judgments are disfavored in the law and plaintiff has suffered no prejudice, the Court will deny plaintiff's motion for entry of default.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for entry of default is **DENIED**. [ECF No. 14]

Dated this 20th day of November, 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE