UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| CURTIS PHILLIPS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:20-CV-00057-JAR |
| LANE GORDON, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on self-represented plaintiff Curtis Phillips' (1) motion for leave to file an amended complaint, and (2) second motion to appoint counsel. For the following reasons, the Court will deny plaintiff's motions.

(1) *Motion for Leave to File Amended Complaint*

Plaintiff filed his motion for leave to file an amended complaint before defendants filed their answer. Procedurally, plaintiff did not need to seek leave of Court file an amended complaint. Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), plaintiff may file an amended complaint once as a matter of course (*i.e.*, without leave of Court) within 21 days after service of defendant's responsive pleading. Defendants filed their responsive pleading on November 16, 2020, and therefore plaintiff has the right to file an amended complaint as a matter of course, and without leave, until the expiration of the 21-day time period of Rule 15(a)(1)(B).

Because plaintiff sought leave to file an amended complaint without attaching the proposed amended complaint, the Court will deny plaintiff's motion. *See Popoalii v. Correctional Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amended complaint was not submitted with the motion). If plaintiff

seeks to file an amended complaint within the time allowed by Rule 15(a)(1)(B), he shall file an amended complaint on the court-provided form. Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

(2)   *Second Motion to Appoint Counsel*

Plaintiff has filed a second motion for appointment of counsel. The appointment of counsel for an indigent plaintiff in a civil matter lies within the discretion of the Court. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. *Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995). This determination involves the consideration of several relevant criteria, including "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794 (citing *Edgington*, 52 F.3d at 780).

Again, the Court finds that appointment of counsel is not warranted at this time. This action involves straightforward questions of fact rather than complex questions of law, and plaintiff has clearly presented his claims. He has filed several motions, all of which are readily understood. This proceeding is in its initial stages, and the Court concludes that appointment of counsel would not be of sufficient benefit to the Court or to plaintiff at this time. The Court will deny plaintiff's motion without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file an amended complaint is **DENIED**. [ECF No. 12]

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED without prejudice**. [ECF No. 13]

Dated this 20th day of November, 2020.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE