## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| CURTIS PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-CV-00057-JAR |
| | ) | |
| LANE GORDON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion for Judgment on the Pleadings. (Doc. 23). The motion is fully briefed and ready for disposition. For the reasons discussed below, the motion will be denied.[1]

**I.    BACKGROUND**[2]

Plaintiff Curtis Phillips has been incarcerated at Southeastern Correctional Center ("SECC") in Charleston, Missouri during all relevant times in this case. On August 17, 2019, officers handcuffed Plaintiff to a bench after he received a haircut. Plaintiff complained that the officers should have instead escorted him back to his cell. Defendant Sergeant Lane Gordon ("Sergeant Gordon") attempted to restrain Plaintiff's legs and instructed Plaintiff to put his legs down. Plaintiff refused and continued to demand that he be escorted back to his cell. At this time,

---

[1] After the initial deadline to respond to Defendants' motion for judgment on the pleadings passed, this Court ordered Plaintiff to show cause no later than July 21, 2021 why it should not rule on Defendants' unopposed motion. (Doc. 25). When that deadline also passed without any response from Plaintiff, the Court again ordered Plaintiff to show cause why it should not rule on the unopposed motion. (Doc. 30). In the interim, Defendants filed a motion to dismiss the case for failure to prosecute. (Doc. 26). Finally, on September 2, 2021, Plaintiff filed a document titled "Facts, Answer" (Doc. 31) which this Court has liberally construed as a response. (Doc. 32). Defendants have replied. (Doc. 33).

[2] All facts included in this section are alleged in Plaintiff's complaint (Doc. 1) and accepted as true for purposes of this motion for judgment on the pleadings.

Sergeant Gordon then threatened to "mace the shit out of" Plaintiff if Plaintiff continued resisting the leg restraints. Plaintiff continued resisting, and Sergeant Gordon "sprayed a[n] entire cannister of MK4 pepper spray in [Plaintiff's] face." (Doc. 1-1 at 5). Plaintiff claims that he is now blind in his right eye and suffers permanent blurry vision and spotting due to Sergeant Gordon's actions.

On March 16, 2020, Plaintiff filed this action pursuant to 42 U.S.C. § 1983 alleging that Sergeant Gordon used excessive force in violation of the Eighth Amendment to the United States Constitution. Plaintiff further alleges that Defendants Vandagrip, Meeker, Tidwell, and Bonner (collectively, the "Observing Officers") are officers at SECC who failed to intervene while watching this incident unfold. On July 29, 2020, this Court dismissed without prejudice Plaintiff's official capacity claims against all Defendants because Plaintiff did not allege governmental liability. (Doc. 8 at 5 n.1). Therefore, all pending claims in this case are against Defendants in their personal capacities.

## II.   LEGAL STANDARDS

In deciding a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), the Court "accept[s] all facts pled by the nonmoving party as true and draw[s] all reasonable inferences from the facts in favor of the nonmovant." *Waldron v. Boeing Co.*, 388 F.3d 591, 593 (8th Cir. 2004) (citations omitted). This is a "strict standard, as 'judgment on the pleadings is not properly granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law.'" *Unite Here Local 74 v. Pinnacle Entm't, Inc.*, No. 4:10-CV-00747 ERW, 2011 WL 65934, at *2 (E.D. Mo. Jan. 10, 2011) (quoting *United States v. Any and All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)); *see also Stewart v. City of St. Louis*, No. 4:04-CV-885 RWS, 2006 WL

389837, at *1 (E.D. Mo. Feb. 17, 2006) (citation omitted) ("The motion for judgment on the pleadings only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court."). Ultimately, a motion for judgment on the pleadings is governed by the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Clemmons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. A valid claim under § 1983 includes two essential elements: "(1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The statute is designed to offer a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). This Court construes Plaintiff's pro se filings liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

### III.   ANALYSIS

Plaintiff's brief complaint presents a relatively straightforward set of alleged facts. Defendants argue that even accepting Plaintiff's recounting as true, Sergeant Gordon's "use of fore was reasonable under the circumstances" because he warned Plaintiff, did not use a "super-soaker quantity" of pepper spray, and took action for a "penological purpose and not merely to cause pain and suffering." (Doc. 24 at 6). Defendants further contend that the Observing Officers cannot be held liable because the reasonable use of pepper spray does not present an excessive risk of injury and Plaintiff has not alleged facts sufficient to prove the Observing Officers were aware of the altercation as it was occurring. (*Id.* at 7-9). Finally, Defendants claim that they are entitled to qualified immunity because the conduct at issue did not violate a clearly established

constitutional right. (*Id.* at 10-12). Plaintiff's response merely restates the factual assertions made in his complaint. (Doc. 31).

<ins>Sergeant Gordon's Use of Force</ins>

"After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (internal quotations omitted). The Supreme Court has explained that "whenever prison officials stand accused of using excessive force in violation of the Cruel and Unusual Punishment Clause, the core judicial inquiry is . . . whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). In applying this test, the Eighth Circuit has suggested that courts consider "the need for the application of physical force; the relationship between the need for physical force and the amount of force applied; and the extent of injury suffered by the inmate." *Jones v. Shields*, 207 F.3d 491, 495 (8th Cir. 2000) (citation omitted). The Eighth Circuit has had multiple opportunities to apply these factors in the context of an alleged excessive or malicious use of pepper spray. Considering these factors and applicable precedent, this Court finds that Plaintiff has plausibly alleged a violation of his constitutional right to be free from cruel and unusual punishment.

Accepting the facts alleged in Plaintiff's complaint as true, Sergeant Gordon appears to have had justification to use some physical force. Sergeant Gordon instructed Plaintiff to permit his legs to be restrained multiple times, but Plaintiff repeatedly refused. Sergeant Gordon warned Plaintiff that he would use mace if Plaintiff continued resisting. Plaintiff claims that Defendants had no justification to restrain his legs because Plaintiff was not under protective custody or

suicide watch. (Doc. 1-1 at 4). Plaintiff admits, however, that he refused to comply with Sergeant Gordon's orders.

While Plaintiff presented a substantially diminished threat when handcuffed to the bench, the Eighth Circuit has held that it is reasonable to deploy pepper spray on a handcuffed or otherwise restricted inmate in limited circumstances. *See Burns v. Eaton*, 752 F.3d 1136, 1139 (8th Cir. 2014) ("[Plaintiff's] contention that he posed no threat because he was alone in a locked cell ignores the reality of what was required to 'maintain or restore discipline' in this situation."); *see also Shields*, 207 F.3d at 496 (citing *Soto v. Dickey*, 744 F.2d 1260, 1270 (7th Cir. 1984)) ("In *Soto*, the Seventh Circuit held the use of mace . . . does not constitute cruel and unusual punishment when reasonably necessary to subdue a 'recalcitrant prisoner,' even where the prisoner is locked in his cell or in handcuffs."). *But see Walker v. Bowersox*, 526 F.3d 1186, 1188 (8th Cir. 2008) ("There is also no dispute, however, that [plaintiff] soon thereafter submitted to cuffing, thereby removing any threat or need for force.").

An officer does not, however, "have a blank check to use force whenever a prisoner is being difficult." *Treats v. Morgan*, 308 F.3d 868, 875 (8th Cir. 2002) (citation omitted). Many of the cases where the Eighth Circuit has upheld the use of pepper spray as reasonable have involved prisoners demonstrating much more resistance and risk of violence than Plaintiff here. In *Burns*, the court found the use of a "small amount of pepper spray" appropriate after the plaintiff threw multiple objects and spit at the officer. *Burns*, 752 F.3d at 1140. In *Shields*, the court concluded a "limited application" was permissible where the prisoner was "neither handcuffed nor secured in any way" and "apparently much larger" than the officer. *Shields*, 207 F.3d at 497. There is no evidence before this Court that Plaintiff physically threatened the officers or posed a risk of violence. *Compare Hickey v. Reeder*, 12 F.3d 754, 759 (8th Cir. 1993).

While some use of pepper spray or other physical force may have been warranted given Plaintiff's recalcitrance, Plaintiff alleges that Sergeant Gordon "sprayed a[n] entire cannister" in his face. (Doc. 1-1 at 5). Defendants misstate applicable precedent in arguing that because Sergeant Gordon did not use a "super-soaker" quantity, he deployed pepper spray "responsibly, within the limits established" by the Eighth Circuit. (Doc. 24 at 6). *See Walker*, 526 F.3d at 1189 (noting officers deployed a "super-soaker used for riot situations" against an inmate in his cell).

In cases where the Eighth Circuit has found that deployment of pepper spray did not constitute excessive force, it has consistently noted that the officer deployed only the limited amount necessary to restore order. *See, e.g.*, *Burns*, 752 F.3d at 1138-40 (noting that the defendant "deployed a small amount of pepper spray" with a "2 to 3 second blast"); *Shields*, 207 F.3d at 497 (internal quotation omitted) (emphasis added) ("We similarly conclude a *limited application* of [pepper spray] to control a recalcitrant inmate constitutes a tempered response by prison officials when compared to other forms of force."); *see also Williams v. Sympson*, No. 05-3427-CV-S-DW-P, 2007 WL 9718112, at *2 (W.D. Mo. Mar. 7, 2007) (emphasis added) ("However, the use of mace *in small amounts* may be a necessary prison technique if a prisoner refuses to comply with prison officials' orders."); *compare Thomas v. Northern*, 574 F. Supp. 2d 1029, 1034 (E.D. Mo. 2008) (Defendant "used a very large pepper spray dispenser that released very high volumes of pepper spray in short bursts. This particular use of force may have been an excessive response to the situation."). At this early stage of litigation, construing all facts in Plaintiff's favor, there is a legitimate factual question as to whether Sergeant Gordon utilized excessive force by deploying an entire can of pepper spray to the face of a handcuffed prisoner. *Compare Shields*, 207 F.3d at 496 n.7 (Plaintiff "does not allege [defendant] administered excessive or dangerous quantities of [pepper spray].").

Finally, this Court considers the extent of the injuries suffered by Plaintiff. The Eighth Circuit has consistently held that the "extent of the pain inflicted" is relevant to "whether a constitutional deprivation has occurred." *Shields*, 207 F.3d at 495. Plaintiff alleges that he is blind in his right eye and suffers permanent blurred vision and spotting due to Sergeant Gordon's conduct. (Doc. 1 at 4). This Court must accept these factual statements as true for purposes of this motion for judgment on the pleadings. Plaintiff alleges serious injuries seemingly disproportional to the limited threat he posed while handcuffed to a bench and non-aggressively declining to permit his legs to be restrained. *See Treats*, 308 F.3d at 872 (clarifying that all applications of pepper spray do not result in de minimis injury).

Considering the applicable factors, this Court finds that Plaintiff has plausibly alleged a violation of his constitutional rights by Sergeant Gordon. The cases on which Defendants primarily rely almost exclusively concern motions for summary judgment. *See Burns*, 752 F.3d at 1140 (describing "few cases where [the Eighth Circuit] denied summary judgment in Eighth Amendment excessive force claims based on pepper spraying"). Courts in this district recognize that "determining whether an application of pepper spray implicates the Eighth Amendment requires a *fact-specific* inquiry." *Thomas*, 574 F. Supp. 2d at 1034 (citation omitted) (emphasis added); *see also Lawrence v. Bowersox*, 297 F.3d 727, 731 (8th Cir. 2002) ("[F]actual inquiry should take place" to determine extent of injury from pepper spray.). This Court will be in a substantially better position to consider the constitutionality of Sergeant Gordon's actions after further factual development.

<u>Observing Officers</u>

A correctional officer may be held liable under § 1983 for failing to intervene to prevent another officer's unconstitutional conduct. *See Buckner v. Hollins*, 983 F.2d 119, 121 (8th Cir.

1993); *Putman v. Gerloff*, 639 F.2d 415, 423 (8th Cir. 1981). Plaintiff claims that the Observing Officers "watch[ed] this take place and did nothing," "failed to protect" Plaintiff, and did not report the incident. For Plaintiff to succeed on his Eighth Amendment failure to protect claim, he must demonstrate that the Observing Officers "(1) [ ] were aware of facts from which they could infer the existence of a substantial risk of serious harm to him, (2) they actually drew the inference, and (3) they failed to take reasonable steps to protect him." *Schofield v. Hopkins*, 491 Fed. App'x 772, 774 (8th Cir. 2012) (per curiam); *see also Blackmon v. Lombardi*, 527 Fed. App'x 583, 585 (8th Cir. 2013) (per curiam) (noting failure to protect claim has both objective and subjective components).

The Court recognizes that Plaintiff has not offered substantial detail regarding his claim that the Observing Officers failed to protect him from Sergeant Lane's alleged use of excessive force. While the Court construes Plaintiff's complaint liberally, it still must "contain specific facts supporting its conclusions." *Parker v. Porter*, 221 Fed. App'x 481, 482 (8th Cir. 2007) (per curiam) (citation omitted). At this early stage of litigation, the Court finds that Plaintiff has stated a plausible claim for failure to protect against the Observing Officers. As indicated above and alleged in Plaintiff's complaint, Sergeant Gordon's deployment of pepper spray may have been disproportionate to the threat posed by Plaintiff and resulted in severe injuries. According to Plaintiff's complaint, the Observing Officers watched this incident unfold and did nothing. These basic allegations establish a facially plausible claim that the Observing Officers were "deliberately indifferent to a substantial risk of serious harm" by failing to take any action. *Young v. Selk*, 508 F.3d 868, 872 (8th Cir. 2007) (internal quotation omitted). Viewing the evidence in the light most favorable to Plaintiff, genuine issues of material fact preclude this Court from finding as a matter of law that the Observing Officers did not violate Plaintiff's

constitutional rights. *See Henson v. Union Pac. R.R. Co.*, 3 F.4th 1075, 1080 (citation omitted) (Judgment on the pleadings is only appropriate where "no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law.").

Qualified Immunity

Defendants argue that they are entitled to qualified immunity, which insulates government officials from liability unless they violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The Supreme Court has clarified that clearly established law "should not be defined at a high level of generality" but instead must be "particularized to the facts of the case." *White v. Pauly*, 137 S. Ct. 548, 552 (2017) (internal quotations omitted); *see also Treats*, 308 F.3d at 874 ("A right is clearly established if its contours are sufficiently clear that a reasonable official would have fair warning of what type of action would violate that right.").

It has long been clearly established that a "malicious or sadistic use of force by a prison official against a prisoner, done with intent to injure and causing actual injury, is enough to establish a violation of the Eighth Amendment's cruel and unusual punishment clause." *Foulk v. Charrier*, 262 F.3d 687, 702 (8th Cir. 2001) (citation omitted). Similarly, force "so greatly in excess of that needed to restore and maintain order" raises a "reasonable inference of malicious motive." *Burns*, 752 F.3d at 1140. Here, Sergeant Gordon's alleged threat to "mace the shit out of" Plaintiff establishes a plausible claim of malicious intent to impose unnecessary injury. As discussed above, moreover, the amount of pepper spray deployed and extent of Plaintiff's injuries permit a reasonable inference of malicious motive. Plaintiff has also plausibly alleged that the Observing Officers watched this incident unfold and failed to protect him in violation of his clearly established constitutional rights. *See Irving v. Culton*, No. 4:12-CV-183 FRB, 2013

WL 1163496, at *4 (E.D. Mo. Mar. 20, 2013) (denying motion to dismiss on qualified immunity grounds for officer's failure to protect plaintiff from excessive use of pepper spray). In these particular circumstances and considering the limited information available, material factual issues preclude a finding that Defendants are entitled to qualified immunity. Accordingly, Defendants' motion for judgment on the pleadings will be denied.

<u>Defendants' Motion to Dismiss for Failure to Prosecute</u> (Doc. 26)

Defendants filed their motion to dismiss for failure to prosecute after Plaintiff failed to timely respond to both the motion for judgment on the pleadings and this Court's initial order to show cause, but before Plaintiff responded to the second order to show cause. In light of Plaintiff's response, Defendants have withdrawn their motion to dismiss for failure to prosecute. (Doc. 33 at 1). The motion will therefore be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Judgment on the Pleadings. (Doc. 23) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Case for Failure to Prosecute (Doc. 26) is **DENIED as moot**.

Dated this 26th day of October, 2021.

                                                       _____
                                                       JOHN A. ROSS
                                                       UNITED STATES DISTRICT JUDGE