UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CURTIS PHILLIPS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:20-CV-00057-JAR |
| | ) |
| LANE GORDON, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion for Summary Judgment. (Doc. 60). The motion is fully briefed and ready for disposition. For the reasons discussed below, the motion will be granted.

**I.   BACKGROUND**

Plaintiff Curtis Phillips was incarcerated at Southeast Correctional Center ("SECC"), a Missouri Department of Corrections facility in Charleston, Missouri, at all relevant times. (Doc. 62 at ¶ 1).[1] On August 17, 2019, Plaintiff received a haircut and was subsequently escorted to a

---

[1] Defendants filed a Statement of Uncontroverted Material Facts in support of their Motion for Summary Judgment ("SUMF"). (Doc. 62). E.D. Mo. L.R. 4.01(E) states that "[a]ll matters set forth in the moving party's Statement of Uncontroverted Material Facts shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party." This Court provided Plaintiff multiple extensions of time to respond to Defendants' Motion for Summary Judgment. (Docs. 66, 70, 72). On June 27, 2022, Plaintiff filed a document titled "Response to Defendant's Summary Judgment Motion." (Doc. 74). Plaintiff's response does not specifically address the SUMF. Instead, Plaintiff solely offers objections to certain exhibits and affidavits attached to the SUMF.

Accordingly, unless Plaintiff has made a specific objection in his brief response, this Court accepts the factual allegations in Defendants' SUMF as true. *See Johns v. City of Florissant*, No. 4:18-CV-1121-AGF, 2020 WL 7695416, at *2 (E.D. Mo. Dec. 28, 2020) (deeming defendant's statement of material facts admitted despite pro se status of plaintiff); *Clayton v. DeJoy*, No. 4:18-CV-1039 JAR, 2020 WL 6822641, at *1 n.3 (E.D. Mo. Nov. 20, 2020) (same). The Court notes that pro se litigants are not excused from complying with substantive and procedural rules. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) (per curiam). Plaintiff's failure to properly respond, however, does not mean this Court must automatically grant summary judgment in favor of Defendants. Instead, Defendants must still establish that they are entitled to judgment as a matter of law. *Wagner v. Brown*, No. 4:15-CV-1277-JAR, 2017 WL 3433630, at *1 n.2 (E.D. Mo. Aug. 10, 2017).

security bench by Defendant Alicia Meeker ("Officer Meeker"). (*Id.* at ¶¶ 7-9). Plaintiff complained that Officer Meeker should bring him directly to his cell rather than place him on the bench. (*Id.* at ¶ 10; Doc. 62-1 at 3). Consistent with SECC policy, Officer Meeker handcuffed Plaintiff and attempted to secure his legs to the bench. (*Id.* at ¶¶ 13-15). Plaintiff resisted the restraints by lifting his legs in the air. (*Id.* at ¶ 16; Doc. 62-1 at 3).

Defendant Lane Gordon ("Sergeant Gordon") responded to assist Officer Meeker and instructed Plaintiff to lower his legs. (*Id.* at ¶¶ 17-18). According to Plaintiff's deposition, Sergeant Gordon specifically stated: "Put your fucking legs down or I'm going to mace the shit out of you." (Doc. 62-1 at 4). Plaintiff refused to comply and resisted Sergeant Gordon's efforts to lower his legs. (Doc. 62 at ¶¶ 21-25; *id.*). In response, Sergeant Gordon deployed a short burst of pepper spray to Plaintiff's face and was immediately able to secure Plaintiff's legs. (*Id.* at ¶¶ 27, 30-31; Doc. 62-1 at 4). Nurse Bethany Walker arrived approximately six minutes later, evaluated Plaintiff, and instructed him to rinse his eyes at the eyewash station. (*Id.* at ¶¶ 39, 41-43; Doc. 62-1 at 5). Plaintiff refused any further medical assessment. (*Id.* at ¶ 40). Plaintiff acknowledges that Officer Meeker, Sergeant Gordon, and Defendant Eric Tidwell ("Officer Tidwell") escorted him to the eyewash station where he rinsed his eyes. (Doc. 62-1 at 5).

On March 16, 2020, Plaintiff filed this action pursuant to 42 U.S.C. § 1983 alleging that Sergeant Gordon used excessive force in violation of the Eighth Amendment to the United States Constitution. (Docs. 1, 1-1). Plaintiff further alleges that Defendants Hollie Vandergriff ("Officer Vandergriff"), Henry Bonner ("Officer Bonner"), Officer Meeker, and Officer Tidwell (collectively, the "Observing Officers") failed to protect him while watching this incident unfold. On July 29, 2020, this Court dismissed without prejudice Plaintiff's official capacity claims

against all Defendants because Plaintiff did not allege governmental liability. (Doc. 8 at 5 n.1). Therefore, all pending claims in this case are against Defendants in their personal capacities.

On October 26, 2021, the Court denied Defendants' Motion for Judgment on the Pleadings because Plaintiff plausibly stated a claim for violation of his constitutional rights based on the alleged facts. (Doc. 35). Critically, Plaintiff alleged that Sergeant Gordon sprayed him with an entire cannister of pepper spray, causing blindness in his right eye and permanent blurry vision in his left eye. (*Id.* at 6-7). Defendants filed this Motion for Summary Judgment on April 12, 2022. (Doc. 60). The Court will grant Defendants' Motion for Summary Judgment because the undisputed material facts squarely contradict Plaintiff's claims and preclude a reasonable factfinder from finding any Defendant violated Plaintiff's constitutional rights.

## II.  LEGAL STANDARDS

Summary Judgment

Under Fed. R. Civ. P. 56(a), a movant is entitled to summary judgment if they can "show[] that there is no genuine dispute as to any material fact" and they are "entitled to judgment as a matter of law." *See Meier v. City of St. Louis*, 934 F.3d 824, 827-28 (8th Cir. 2019). This Court views the evidence in the light most favorable to the nonmovant. *Osborn v. E.F. Hutton & Co.*, 853 F.2d 616, 619 (8th Cir. 1988). The nonmovant, however, "must do more than simply show that there is some metaphysical doubt as to the material facts, and must come forward with specific facts showing that there is a genuine issue for trial" *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In considering whether Plaintiff can avoid summary judgment, this Court construes his filings liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

<u>42 U.S.C. § 1983</u>

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. A valid claim under § 1983 includes two essential elements: "(1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The statute is designed to offer a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978).

### III.  ANALYSIS

<u>Sergeant Gordon's Use of Force</u>

"After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (internal quotations omitted). The Supreme Court has explained that "whenever prison officials stand accused of using excessive force in violation of the Cruel and Unusual Punishment Clause, the core judicial inquiry is . . . whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). The Eighth Circuit has stated that courts must consider "the need for the application of physical force; the relationship between the need for physical force and the amount of force applied; and the extent of injury suffered by the inmate." *Jones v. Shields*, 207 F.3d 491, 495 (8th Cir. 2000) (citation omitted).

Considering these factors in light of the undisputed material facts, the Court finds that Sergeant Gordon is entitled to judgment as a matter of law. This Court previously acknowledged that Sergeant Gordon "had justification to use some physical force." (Doc. 35 at 4). By resisting Officer Meeker and Sergeant Gordon's efforts to restrain his legs, Plaintiff created a threat to

institutional security. (Doc. 62 at ¶¶ 15-27). Plaintiff admitted at his deposition that he refused to put his legs down and received multiple warnings prior to being pepper sprayed. (Doc. 62-1 at 4, 6-7). The Eighth Circuit has held that "a limited application of [pepper spray] to control a recalcitrant inmate constitutes a 'tempered response by prison officials' when compared to other forms of force." *Jones*, 207 F.3d at 496 (quoting *Williams v. Benjamin*, 77 F.3d 756, 763 (4th Cir. 1996)).

The "few cases" where the Eighth Circuit has denied summary judgment on Eighth Amendment excessive force claims based on pepper spraying "have involved no warning this force would be used, no apparent purpose other than inflicting pain, use of unnecessary 'super-soaker' quantities of the chemical, refusal to allow the victim to wash off the painful chemical for days, and/or use of additional physical force." *Burns v. Eaton*, 752 F.3d 1136, 1140 (8th Cir. 2014) (citations omitted). In this case, Plaintiff refused to allow his legs to be restrained (Doc. 62 at ¶¶ 16-20) and received multiple warnings. (*Id.* at ¶¶ 21-23). As discussed further below, Sergeant Gordon only sprayed Plaintiff with a quick burst, certainly did not use the entire can, and did not use any further physical force. (*Id.* at ¶¶ 26-30). After the incident, Plaintiff received prompt medical attention and was able to rinse out his eyes. (*Id.* at ¶¶ 39-43).

Plaintiff's being handcuffed during the incident (Doc. 62 at ¶ 14) does not mean that Sergeant Gordon's deployment of pepper spray constituted excessive force. The Eighth Circuit has held that it is reasonable to use pepper spray on a handcuffed or otherwise restrained inmate in certain circumstances. *See Burns*, 752 F.3d at 1139 ("[Plaintiff's] contention that he posed no threat because he was alone in a locked cell ignores the reality of what was required to 'maintain or restore discipline' in this situation."); *Shields*, 207 F.3d at 496 (citing *Soto v. Dickey*, 744 F.2d 1260, 1270 (7th Cir. 1984)) ("In *Soto*, the Seventh Circuit held the use of mace . . . does not

constitute cruel and unusual punishment when reasonably necessary to subdue a 'recalcitrant prisoner,' even where the prisoner is locked in his cell or in handcuffs."); *see also Stenzel v. Ellis*, 916 F.2d 423, 427 (8th Cir. 1990) (internal quotations omitted) ("When a prisoner, having been warned three times, refuses to comply with a legitimate jail security regulation, the incident has escalated into a disturbance . . . that indisputably poses significant risks to the safety of inmates and prison staff.").

The Court recognizes, however, that officers do not "have a blank check to use force whenever a prisoner is being difficult." *Treats v. Morgan*, 308 F.3d 868, 875 (8th Cir. 2002) (citation omitted). In denying Defendants' Motion for Judgment on the Pleadings, this Court considered Plaintiff's allegation that Sergeant Gordon "sprayed a[n] entire cannister" particularly relevant. (Doc. 35 at 6). The undisputed facts demonstrate that Sergeant Gordon deployed a short burst, not the entire can. (Doc. 62 at ¶¶ 26, 28-29). In his response, Plaintiff now claims it "felt like [he] was being sprayed 10 to 15 seconds due to having big [ ] fan right in front of [him]." (Doc. 74 at 1). This Court has watched video of the incident, filed under seal and reviewed by Plaintiff (Doc. 55 at 3; Doc. 74 at 1), which clearly confirms that Sergeant Gordon only deployed a short burst of pepper spray. (Doc. 62-11).

Directly applicable precedent supports this Court's view that Sergeant Gordon's application of a short burst of pepper spray to control a recalcitrant inmate does not amount to excessive force. *See, e.g.*, *Burns*, 752 F.3d at 1138-40 (noting that the defendant "deployed a small amount of pepper spray" with a "2 to 3 second blast"); *Shields*, 207 F.3d at 497 (internal quotation omitted) (emphasis added) ("We similarly conclude a *limited application* of [pepper spray] to control a recalcitrant inmate constitutes a tempered response by prison officials when compared to other forms of force."); *Williams v. Sympson*, No. 05-3427-CV-S-DW-P, 2007 WL

9718112, at *2 (W.D. Mo. Mar. 7, 2007) (emphasis added) ("However, the use of mace *in small amounts* may be a necessary prison technique if a prisoner refuses to comply with prison officials' orders."); *compare Thomas v. Northern*, 574 F. Supp. 2d 1029, 1034 (E.D. Mo. 2008) (Defendant "used a very large pepper spray dispenser that released very high volumes of pepper spray in short bursts. This particular use of force may have been an excessive response to the situation.").

This Court must also consider the injuries suffered by Plaintiff. The Eighth Circuit has held that the "extent of the pain inflicted" is relevant to "whether a constitutional deprivation has occurred." *Shields*, 207 F.3d at 495. Plaintiff initially alleged that he was blinded in his right eye and suffered permanent blurred vision in both eyes as a result of this incident. (Doc. 1 at 4). At his deposition, Plaintiff claimed that he never had issues with his eyes before being pepper sprayed. (Doc. 62-1 at 8). In denying Defendants' Motion for Judgment on the Pleadings, the Court accepted these allegations as true and described them as "serious injuries seemingly disproportional to the limited threat [Plaintiff] posed." (Doc. 35 at 7).

Once again, the undisputed facts completely contradict Plaintiff's previous allegations. First, Defendants have provided medical records demonstrating that Plaintiff experienced left eye blurriness and other ocular issues long before the incident with Sergeant Gordon. (Doc. 62 at ¶ 53; Doc. 64-2 at 1, 3). Second, and more critically, it simply appears to be untrue that Plaintiff was rendered blind in one eye. Plaintiff refused a nurse's appointment on August 21, 2019, four days after the incident. (Doc. 64-2 at 8). On April 24, 2020, Plaintiff was prescribed the conservative treatment of polyvinyl alcohol drops to be used as needed for grittiness. (*Id.* at 9; Doc. 62 at ¶ 48). At his deposition, Plaintiff insisted he was temporarily blind in his left eye (contrary to his initial claim of right eye blindness) but then clarified he can see but there is a

spot where he cannot see. (Doc. 62-1 at 9). As to his right eye, Plaintiff stated he just has "blurry vision" and did not indicate he was blind in that eye. (*Id.*). The medical records and deposition testimony generally reflect that Plaintiff can see without issue when he wears his glasses and uses prescribed eye drops. (Doc. 64-2; Doc. 62 at ¶ 47). Plaintiff has not meaningfully attempted to come forward with specific facts demonstrating that he suffers long-term eye injuries due to Sergeant Gordon's use of pepper spray.

This Court recognizes that "determining whether an application of pepper spray implicates the Eighth Amendment requires a fact-specific inquiry." *Thomas*, 574 F. Supp. 2d at 1034 (citation omitted); *see also Lawrence v. Bowersox*, 297 F.3d 727, 731 (8th Cir. 2002). Sergeant Gordon has provided ample evidence in support of this Motion for Summary Judgment demonstrating that he did not use excessive force in violation of the Eighth Amendment as a matter of law. Instead, the undisputed facts demonstrate that Sergeant Gordon deployed a limited amount of force in a good faith effort to control a recalcitrant inmate and only caused de minimis injuries to Plaintiff. Accordingly, the Court will grant summary judgment in favor of Sergeant Gordon.

<u>Observing Officers</u>

A corrections officer may be held liable under § 1983 for failing to intervene to prevent another officer's unconstitutional conduct. *See Buckner v. Hollins*, 983 F.2d 119, 121 (8th Cir. 1993); *Putman v. Gerloff*, 639 F.2d 415, 423 (8th Cir. 1981). Plaintiff claims that the Observing Officers "watch[ed] this take place and did nothing," "failed to protect" Plaintiff, and did not report the incident. For Plaintiff to succeed on his Eighth Amendment failure to protect claim, he must demonstrate that the Observing Officers "(1) [ ] were aware of facts from which they could infer the existence of a substantial risk of serious harm to him, (2) they actually drew the

inference, and (3) they failed to take reasonable steps to protect him." *Schofield v. Hopkins*, 491 Fed. App'x 772, 774 (8th Cir. 2012) (per curiam); *see also Axelson v. Watson*, 999 F.3d 541, 546 (8th Cir. 2021) (noting failure to protect claim has both objective and subjective components).

Plaintiff cannot succeed on his failure to protect claim against the Observing Officers because he cannot demonstrate that Sergeant Gordon used excessive force, as discussed above. To establish his claim against the Observing Officers, Plaintiff must show that they "observed or had reason to know that excessive force would be or was being used." *Nance v. Sammis*, 586 F.3d 604, 612 (8th Cir. 2009) (citation omitted). Plaintiff cannot make this objective showing where Sergeant Gordon did not use excessive force. *See Hollingsworth v. City of St. Ann*, 800 F.3d 985, 991 (8th Cir. 2015) ("[B]ecause it was not clearly established McCallum's actions constituted excessive force, a reasonable officer was not on fair notice that his failure to intervene when McCallum deployed the Taser violated [plaintiff's] Fourth Amendment rights."); *Ross v. Teabo*, No. 4:20-CV-447 SEP, 2020 WL 5038725, at *5 (E.D. Mo. Aug. 26, 2020) ("[B]ecause Plaintiff has not sufficiently pled that he was wrongfully assaulted, it follows that his failure to intervene claim is also insufficient."); *Jackson v. Lawson*, No. 4:20-CV-559 JMB, 2020 WL 4805344, at *7 (E.D. Mo. Aug. 18, 2020) ("[P]laintiff has not established that a constitutional violation occurred during his visual body cavity search. It therefore follows that [defendants] cannot be liable for failing to intervene.").

Plaintiff has also not offered facts supporting the subjective requirement of a failure to protect claim. As Defendants note, the incident at issue was extremely brief. Eighth Circuit precedent demonstrates that it is reasonable for an officer to deploy pepper spray to control a recalcitrant inmate. *See Jones*, 207 F.3d at 496. In these circumstances, there is no inherent reason for the Observing Officers to have inferred that Sergeant Gordon would use excessive

force constituting a substantial risk of injury. The Court will grant summary judgment in favor of the Observing Officers because Plaintiff's failure to protect claim fails as a matter of law.

### Qualified Immunity

Qualified immunity insulates government officials from liability unless they violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A claim of qualified immunity requires a two-step inquiry: (1) whether the facts shown by the plaintiff make out a violation of a constitutional or statutory right; and (2) whether that right was clearly established at the time of the defendant's alleged misconduct. *Santiago v. Blair*, 707 F.3d 984, 989 (8th Cir. 2013) (citation omitted). Defendants "are entitled to qualified immunity unless the answer to both of these questions is yes." *McCaster v. Clausen*, 684 F.3d 740, 746 (8th Cir. 2012) (citation omitted).

As discussed above, no reasonable factfinder could conclude that any Defendant violated Plaintiff's constitutional rights during the course of the August 17, 2019 incident. Defendants are therefore entitled to qualified immunity because Plaintiff cannot make out a violation of a constitutional right. *See Williams v. Mannis*, 889 F.3d 926, 931 (8th Cir. 2018) (citation omitted) ("Qualified immunity is appropriate where no reasonable fact finder could conclude that the facts when viewed in a light most favorable to the plaintiff show that the officers' conduct violated a clearly established constitutional right.").

## IV.   CONCLUSION

The material facts are indisputable. After receiving a haircut, Plaintiff was upset that Officer Meeker secured him to a bench rather than escorting him back to his cell. When Officer

Meeker attempted to secure Plaintiff's legs to the bench, Plaintiff resisted by lifting his legs. Sergeant Gordon arrived and warned Plaintiff multiple times that he would be pepper sprayed if he continued resisting. After continued resistance, Sergeant Gordon deployed a short burst of pepper spray to Plaintiff's facial area. Plaintiff then complied and allowed Defendants to secure his legs. Nurse Walker arrived shortly thereafter to offer medical assistance, and officers escorted Plaintiff to the eyewash station to rinse out his eyes. No further physical force was used, and Plaintiff has not established serious injuries resulting from this incident.

Considering the undisputed material facts, a reasonable factfinder could not conclude that Sergeant Gordon used excessive force in violation of the Eighth Amendment or that any Defendant violated Plaintiff's constitutional rights. The Eighth Circuit has consistently held that it is appropriate for an officer to deploy a limited application of pepper spray to control a recalcitrant inmate, as Sergeant Gordon did here in a good faith effort to restore discipline. Plaintiff also cannot establish that the Observing Officers were aware of facts from which they could infer a risk of substantial injury to Plaintiff and that they actually drew that inference. Because Plaintiff cannot demonstrate that Defendants violated any of his constitutional or statutory rights, he has no viable claim under 42 U.S.C. § 1983 and Defendants are entitled to qualified immunity.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (Doc. 60) is **GRANTED**. A separate Order of Judgment will accompany this Memorandum and Order.

Dated this 7th day of July, 2022.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE